UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DEN CARIBBEAN, LLC, et al

    Plaintiffs

v.                                               Civil No. 98-1071 (DRD)

BERNARDO ROMERO, et al

    Defendants

**ORDER**

       Pending before the Court are Plaintiffs' motions to compel Co-defendants Bernardo Romero and Ileana Camblor to submit to discovery and for the imposition of sanctions. (Docket Nos. 23, 27 & 28). As per Plaintiffs' unopposed allegations, Plaintiffs' counsel has made repeated attempts since June 14, 1999, to arrange for the completion of Co-defendant Romero's deposition and for the taking of Co-defendant Camblor's deposition, but Co-defendants and/or their counsel have either ignored Plaintiffs' communications or failed to appear at agreed upon dates. Further, on April 29, 1999, Plaintiffs forwarded to Co-defendant Romero's counsel copies of Co-defendant Romero's deposition transcripts to be reviewed by counsel and his client. Then, on October 13, 1999, Plaintiffs forwarded the original deposition transcripts for Co-defendant Romero's signature. More than 2 months later, Co-defendant Romero's transcript had yet to be returned signed.

       In opposition to Plaintiffs' request for an Order to Compel and for sanctions, Defendants simply state that the request is untimely and ungrounded and that Co-defendant Romero is willing to continue his deposition at a time amenable to the parties. Defendants, however, make no effort to justify their repeated failure to cooperate with Plaintiffs' discovery efforts, other than stating that Co-defendant Romero has been unavailable to have his deposition taken due to his working schedule. Defendants do not justify their failure to return Co-defendant Romero's signed transcript, Co-defendant Camblor's unavailability for the taking of her deposition, or Defendants' counsel's failure to cooperate with Plaintiffs' counsel's efforts to arrange for Co-defendants Romero and Camblor's depositions. (Docket No. 25).

       The Court finds that Co-defendants Romero and Camblor have incurred in conduct sanctionable under Rule 37. Accordingly, the Court sanctions the aforementioned Co-defendants to pay the moving parties's expenses, including attorneys' fees, in making the aforementioned motions regarding discovery. See Rule 37(a)(4)(A). Hence, counsel for Plaintiffs is to certify to the Court within ten (10) days the proposed rate for attorneys' fees, the amount of time dedicated and the costs incurred in making the motions. Plaintiffs' counsel is to strictly follow the criteria set forth in Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331 (1st Cir. 1997). Further, Co-defendants Romero and Camblor are **ORDERED** to appear for the taking of their deposition at a date specified by Plaintiffs, if they have not done so already, but no later than thirty (30) days from

notice of this Order. Failure to comply will be considered as contempt of this Court and will result in the imposition of additional sanctions as provided by Rule 37(b)(2). Finally, Co-defendant Romero is **ORDERED** to return the original transcript of his deposition, with his signature, within **ten (10) days**. Again, failure to comply will be considered as contempt of this Court and will result in the imposition of sanctions.

IT IS SO ORDERED.

Date: May __8__, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\98-1071 DSC