# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

DEN CARIBBEAN, LLC. et al.,
Plaintiffs,

v.                                                    Civ. No. 98-1071(DRD)

BERNARDO ROMERO, et al.,
Defedants.

## ORDER

The Court has been recently swamped with motions relating to the taking of two depositions in this case. Plaintiffs filed an Urgent Motion for Sanctions Under 37 F.R.C.P. (Docket No. 36). Defendants opposed said motion. (Docket No. 38). Plaintiffs urgently responded and requested permission to reply to defendants' opposition to plaintiffs' motion for sanctions. (Docket No. 39). Plaintiffs further filed an informative motion (Docket No. 40) and a motion for extension of time to file and complete the oral depositions of Bernardo Romero ("Romero"), and his wife Ileana Camblor ("Camblor"). (Docket No. 41). Finally, plaintiffs filed an informative motion in response to plaintiffs' last motion and further requested continuance of the pre-trial conference scheduled for January 24, 2001. (Docket No. 42).

The dust from the skirmish has settled and the Court is ready to rule. The controversy is related to the depositions of co-defendants "Romero" and "Camblor." The Court had extended the tolling of their depositions until November 10, 2000. (Docket No. 35). "Romero" did not appear, nor his counsel, for the deposition as noticed in plaintiffs' request. Plaintiffs proceeded to formalize the absence at the deposition by recording the absence before a notary public at the deposition

Page 1 of 5

AO 72
(Rev 8/82)

recording.  Counsel Fernandez telephoned called in the middle of the "acta" responding to a previous call from counsel Woods and advised he never received the notice for the deposition and that he could not instantly respond and be present, because he was busy attending a "strike" of one of his union clients.

The parties met the next day, attempted settlement, but did not reach an agreement.  Counsel phoned each other again the next day and agreed to take the deposition of "Romero," but could not reach an agreement on the place to take the deposition of "Camblor" who currently resides in Orlando, Florida.  Defendant urged that "Camblor's" deposition be taken in Florida because she resides in Orlando, Florida.  Plaintiffs insists on the deposition being taken in Puerto Rico and requested that expenses of Mr. Woods in the amount of $1,414.55 be imposed together with the entering of default against both "Romero" and "Camblor."  Plaintiffs further urged that "Romero" be ordered to appear for the taking of his deposition on November 27, 2000 in Puerto Rico as well as "Camblor's" on December 4, 2000, also in Puerto Rico.  (Docket No. 36).

Defendants, "Romero" and "Camblor" replied alleging that they never received the original notices of deposition and that "Camblor's" deposition should be taken in Florida.  The sanctions according to defendants should be denied.  (Docket No. 38).  The Court **authorizes** the reply memorandum requested at Docket No. 39.

Plaintiffs insist that they did serve the motion for sanctions to defendants.  However, although there is controversy as to where and how said sanctions motion was served, the real controversy is not as to the service of motions for sanctions, but as to the service of the **deposition** notices since defendants accept receiving the motion for sanctions but allege not to have received the notices of the depositions.  Although there is a presumption that the mail sent is received, the presumption is

rebuttable. See Fed.R.Civ.P. 5(b). Plaintiff relies on the presumption; defendant counsel insists that

he did not receive the notice. The Court grants defendants the benefit of the doubt. Hence, the

sanctions requested as to default and the payment of the expenses are **denied**.[1]

The scheduled depositions were not taken on the subsequent date scheduled by plaintiffs

because the Court had not ruled on the pending motions by November 22, 2000 and since the

scheduled depositions had to be confirmed to the court reporter, plaintiffs opted to cancel the

depositions. (Docket No. 40). The newly scheduled depositions, it was later learned, could not be

taken anyway because Mr. Woods' wife became seriously ill requiring her hospitalization and Mr.

Woods was the only attorney in the firm who could take the depositions based on his thorough

knowledge of the case. Plaintiffs advised that counsel Woods could be available for the continuation

of the depositions after January 10, 2001. (Docket No. 41). In an informative motion filed by

defendants, counsel Fernandez advised that he would be on vacation until January 20, 2001.

Defendants further requested a continuance of the pre-trial scheduled for January 24, 2001. (Docket

No. 42). There is therefore left to be decided by the Court the controversy as to the place of the

depositions of co-defendant "Camblor," the extensions of time to take the depositions and the

continuance of the pre-trial ("Romero" and "Camblor").

The general rule for the taking of depositions of plaintiffs is that they will be taken ". . . in the

district in which the suit was brought." Wright and Miller, Federal Practice and Procedure: Civil §

2112. See Dalmady v. Price Waterhouse & Co., 62 F.R.D. 157, 158 (D.P.R. 1973). The Court has

---

[1] The Court is cognizant of defendants' track record of delay in this case. (Imposition of Sanctions, Docket No. 37). Although each matter is reviewed by the Court individually and independently, defendants are forewarned as to the severest sanctions, should they incur in further delay.

Page 3 of 5

discretion to order the depositions of plaintiffs elsewhere in cases of hardship or for other good cause. See Wright and Miller, Federal Practice and Procedure: Civil § 2112; Puerto Rico Electric Power Authority, 687 F.2d 501, 507 (1st Cir. 1982); Hyam v. American Export Lines, Inc. 213 F.2d 221 (2d Cir. 1982).

As to the depositions of defendants, the general rules where set forth by then District Judge Cyr[2] in the case of Pinkham v. Paul, 91 F.R.D. 613, 615 (D.Me. 1981), stating that "while the Court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his resident or place of business or employment.' 4 Moore's Federal Practice § 26.70(1-3), at 26-514." Notwithstanding, the general norm above stated, "[b]ecause of the weight given plaintiff's choice of forum, at least when he or she had a choice, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." Wright & Miller, Federal Practice and Procedure: Civil § 2112. See Farquhar v. Shelden, 116 F.R.D. 70 (D.Mich. 1987). The Court recognizes that it has discretion to order the deposition to be held in the venue where the trial is to be held. Financial General Bankshares, Inc. v. Lane, 80 F.R.D. 22 (D.D.C. 1978).[3]

Considering the above cited standards, the deposition of defendant "Camblor" who resides in Orlando, Florida is to be taken in Orlando Florida. The depositions of "Romero" and "Camblor" are

---

[2] Now Senior Circuit Judge for the First Circuit Court of Appeals.

[3] As to the deposition of witnesses the Court refers the parties to Rule 45 (b)(2) which "authorizes service of a subpoena anywhere within the district in which the deposition is to take place or, outside the district, any place within a 100 miles of the place of deposition." Wright & Miller, Federal Practice and Procedure: Civil § 2112. Hence, the depositions of witnesses within 100 miles may be taken in this district, but outside the 100 mile limit must be taken near the residence of the witness.

to be taken not before January 20, 2001, but by February 9, 2001. **No further extensions shall be granted**. In setting the depositions of "Camblor" in Orlando, Florida, the court further notes that counsel Harry Woods resides on or around Miami, Florida. See Docket No. 41. The depositions may be taken, of course, "near" Orlando, Florida. The parties also have the option of stipulating a different location for the depositions. Although this Court stays its hands as to payments of the expenses incurred by Mr. Woods for the cancelled deposition of October 25, 2000, as costs said amount may be recuperated should plaintiffs prevail in this case.[4]

The pre-trial previously scheduled for January 24, 2001, is **vacated**. Pre-trial is now scheduled for **February 23, 2001 at 9:30 a.m.**

IT IS SO ORDERED.

**December 20, 2000.**                          **DANIEL R. DOMINGUEZ**
                                               **U.S. District Judge**

---

[4] The Court, however, notes that Mr. Woods has offices in San Juan, but resides in Florida. Under said circumstances, recuperating as part of costs hotel expenses incurred in Puerto Rico are not easy to justify.

Page 5 of 5

AO 72
(Rev 8/82)