IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| DEN CARIBBEAN, LLC, ET AL. | * | CIVIL NO. 98-1071(DRD) |
| Plaintiffs, | * | |
| v | * | |
| BERNARDO ROMERO, ET AT. | * | |
| Defendants. | * | |

## ORDER

Since the last Opinion and Order issued by the court on December 20, 2000, notified to the parties on December 26, 2000, the court has been floundered again with motions surprisingly dealing with the same subject matter. (Dockets 44, 45, 46, 47, 48, 49. 50, 51). All motions except one requesting for a continuance of a pre-trial, are all again related to the deposition of codefendant Ileana Camblor. Once again the motions deal over the site of the deposition and request and counter requests are made for sanctions against the parties and/or their respective counsels. Mr. Harry Woods, counsel for plaintiffs, requested to be heard on all motions and appeared today at noon. Mr. Demetrio Fernández, counsel for the defense, appeared via the phone. The parties advised that they have agreed on all pending motions except as herein stated.

The deposition of Ileana Camblor is to be taken in Miami, Florida within the next two weeks at a date to be mutually agreed upon. There is to be a counsel representing Ileana

1

AO 72A
(Rev 8/82)

53

Camblor for this deposition. However, should the counsel not appear the deposition is to be taken anyway because the deposition has already been postponed in one occasion for lack of counsel presence and because Mr. Fernandez expressly waived that counsel be present. Hence, the court orders that should no counsel be present at said deposition it is to proceed. The deposition shall last at a maximum three (3) days. (The length is excused only because Mr. Woods made a proffer not contradicted otherwise by opposing counsel that extensive documents are to be identified.)

Both parties waived any and all sanctions requested in the pending motions. There is a prior sanction imposed by the court in the amount of $5,857.00 which has not been paid and is not waived. (See docket no. 37.) Mr. Fernandez expressed that, notwithstanding that under oath defendant Camblor admitted to receiving salaries between her and codefendant Bernardo Romero in the amount of $95,000.00, that defendants did not have cash flow to pay the sanction. The court suggested a biweekly payment of $250.00 for a total of $500.00 a month. Mr. Woods agreed, Mr. Fernandez stated he will call back to advise if the client could pay the amount. Notwithstanding, the court deems said payment reasonable and should defendants not comply, plaintiffs are free to use other alternatives permitted by the Rules of Federal Procedures to collect the sanction.

As to the request of plaintiffs to continue the pre-trial because discovery dictates that other parties are to be added as further codefendants, the court grants the same and orders that the Amended Complaint is to be filed within twenty (20) days. The pre-trial

scheduled for February 23, 2001, is vacated. The court envisions a potential pre-trial late August 2001. Plaintiff is therefore to expeditiously serve process and proceed to discovery within 120-150 days.

This order disposes of Dockets 44-51.

IT IS SO ORDERED.

At San Juan, P.R., this 22 day of February 2001.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

3

AO 72A
(Rev.8/82)